Nott, J.
This case was brought before the circuit judge upon several pleas and demurrers, all of which are now submitted to this court. The demurrers to the second plea was overruled by the judge below; and a motion is now made to reverse the decision. It must be admitted that the only evidence of authority upon which the sheriff could exact, the *433 bond in question, from the principal obligor, would be a writ of capias ad satisfaciendum. Such a writ would have authorized him to have confined him within the four-walls of the jail, and therefore authorized the taking of the bond. I say that is the only evidence, because the sheriff having held that as the authority upon which he proceeded, he could not justify himself, by the adduction of any other. Thé bond was therefore given to save the defendant from actual imprisonment. A bond exacted by any individual under similar circumstances, would have been voidable on the ground of duress. But taken by a public officer, under the garb of legal authority, it was not only voidable, but it was an act of oppression, which ought to subject the officer to the severest animadversions of the law. It is no excuse, to say that it was done through ignorance, or inadvertence. The law has too great a regard for the liberty of its citizens, to suffer it to be violated with impunity, by the ignorance or carelessness of its agents. If, therefore, the facts stated in the plea are true, !! that he was not in custody by virtue of a ca. sa. and that no such ca. sa. had ever issued against him,” and the demur* rer, admits them to be true, the sheriff acted without authority. The bond is therefore void, and the defendants are entitled to the benefit of their pleas. It would be strange, passing strange, indeed it would be a reproach to our law if it were otherwise. The ground which is taken in support of the demurrer, is that the defendants are estopped, by the recital in the condition of the bond, from alleging that there was no ca. sa. This principle is attempted to be supported by the cases of Shelley and Wright, Willes 9. Cossens and Cossens, Do. 25. and Willoughby and Brocks, Cro. Eliz. 556-7. But these cases do not support the doctrine. It is a general rule of law and a correct one too, that a man cannot aver against his own deed. But that is where he has alleged some particular fact within his own knowledge, and which forms a part of the consideration for his undertaking, and that is the whole extent to which .the cases relied on go. But the *434 principle cannot be extended to an' aligation coming from the other party, and which can necessarily be known only to him, although contained in the recital of a deed made by the defendants In the case of Hayne vs. Maltby, 3 D. and E. 438, it appears that the defendant had purchased the privilege of using a certain patent machine from the pretended patentee. He had entered into certain covenants reciting the right of the plaintiff to the patent and obliging himself to employ the machine, with certain restrictions. This was an action for a breach of some of those covenants. The defendant pleaded among other things that the plaintiff had no right. The plaintiff demurred, as in this case, on the ground that the defendant was estopped by his deed from putting that matter in issue. Lard Kenyon said, “ now in point of conscience it is impossible that two persons can entertain different ideas upon the subject. But it is said that though conscience fails, the defendant is estopped in point of law from saying that the plaintiff had no privilege to confer. But the doctrine of estoppel is jiot applicable here. The person supposed to be estopped is the very person imposed upon.” Í 3 D. and E. 438.) Does not every word of that learned judge apply to this case. The plaintiff a public officer, pretending to be clothed with legal authority, arrests the defendant, and is about to throw him into jail. He resorts to the only refuge which the law affords, which was the bond in question, and which we must presume was dictated by the sheriff himself; for the defendant could have had no hand in making the terms. And now because he has introduced into it an alligation that he had a ca. sa. which authorized the proceeding (although he admits the alligation to be false) he contends that the person thus imposed upon and oppressed is estopped from denying it; for it is to be observed that this is an alligation coming from the sheriff and not from the defendant. He could not find under what authority the sheriff acted, but by his own representation. A person is only estopped front doing his own acts, but not *435 the acts of another. If a man sell land to which he has no title, and afterwards acquire a title, he shall be estopped by his deed from disputing the title which he has rnade.(a) If a person enters into a covenant, to pay for personal property, the possession of which he acknowledges to have received, he will be estopped to deny the receipt of it, because it is a fact which he must have known, and has admitted. But if he recite in the same instrument that it was the property of the vendor, he may, nevertheless shew that the vendor had no title: because it would be apparent that it was an alligation founded upon the representation coming from him, the truth of which die vend§* could not know, and cannot be supposed to admit by such recital. The distinction therefore between those recitals which do, and those which do not, amount to estoppels, 1 think is apparent. A public officer might shelter himself from the grossest acts of oppression if such a subterfuge were to be allowed. I am of opinion therefore, that the demurrer ought to be overruled, and that the decision of the circuit court must be reversed. It is therefore unnecessary, for the purpose of deciding this case, to go into a consideration Of the other question submitted to the court. But as the counsel are of opinion that a decision on the other points of the case may become important, in other questions which will probably grow out of this transaction, 1 will proceed to express the opinion of the court on the other points also.
Before I proceed to consider the third plea, as it is called, I must take occasion to remark, that I do not think the proceeding's in this case exhibit the best possible specimen of special pleading. The defendant in the first instance pleaded performance generally, to which the plaintiff replied, assigning as a breach that the defendant, Muse Tollison, did not render in a schedule Sic. according to the condition of his bond. This plea must be taken, therefore, as a rejoinder to that replication and not a plea in bar to the declaration. The question then is, whether it is a good answer to the plain *436 tiff’s replication. I do not think that it is. The defendant ivas in custody on a ca. sa ; on the 14th of January, he entered into this bond by which he became entitled to the prison rules. That was a privilege allowed him by law: and it was one of which he could not be deprived, but by failing to perform the condition of the bond His securities had not stipulated that they should be at liberty to surrender him to the sheriff. Their undertaking was, that he should remain within the prison rules, and should within forty days render in a schedule of his property &c. yet by their own act they deprive him of the power of performing the duty which they had undertaken that he should perform, by throwing him again into jail, within a eleven days after they had entered into this covenant. If it had been the act of the plaintiff, they probably would have been exonerated. But they can derive no protection from their own unlawful act. It was no excuse to say he was accepted by the sheriff. For he equally acted in violation of his dutj . It has already been remarked that he was entitled by law to the benefit of the prison rules, a privilege of which he could not be deprived even with the consent of the sheriff himself.
I am of opinion therefore that the demurrer to this plea ought to be sustained.
With regard to the fourth plea, I think that the demurrer ought to be overruled. 11 is now a very well settled rule of law in this State, that a party may take out both a f. fa. and a ca. sa. at the same time; but he can proceed but upon one. (State vs. Guignard, 1 M'Cord, 176.) Theexecution of one supercedes the other, and for the most obvious reasons; taking the body on a ca. sa. is in contemplation of of law a satisfaction of the debt; to proceed with a ji. fa. after the execution of a ca. sa. would be taking a double satisfaction. There are indeed exceptions to this rule. But the party must shew by his pleading, that he comes within one of those exceptions. He cannot have the benefit of it on a demurrer. The same rule is applicable to a Ji. fa. A levy is %>ri~ *437 via facie evidence of satisfaction; (2 Bacon, tit. exon. D.) And in this case it appears that the ca. sa. was executed four days after the levy of the ji. fa. and before a sale under it could have been effected; all the proceedings therefore under the ca. sa. were illegal and void.
I think the demurrer to the last plea was properly sustained. The act provides, that any person committed on execution as aforesaid, who shall not give in such schedule agreeably to the tenor of his bond, shall not be any longer entitled to the benefit of the prison rules, but his bond shall be forfeited, and assigned to the plaintiff. Allowing a person the benefit of the prison rules does not amount to a discharge. It is nothing more than the enlargement of the jail. The plaintiff therefore has the double security of the bond and the confinement of the defendant within the prison rules, until the forty days shall have expired. At the expiration of that period the defendant loses the benefit of the rules, if he does not perform the condition of his bond. And the plaintiff still, retains the double security which he had, and the defendant is not entitled to his discharge until the debt is paid. The decision of the circuit court, is therefore supported or reversed accordingly as it comports with this opinion.
W. Thompson &¡- Earle, for the plaintiffs.
Irby &f Dams, for defendants.

 See thecase of Reeder vs. Craig, ante. 411.